11 ARMSTRONG, J.,
dissents with reasons.
I respectfully dissent. After trial, the trial court held both the S & WB and the City liable, found that the S & WB and the City were each 50% at fault, and fixed medical expenses at $2,773.33 and general damages at $25,000. The judgment, dated September 18, 1998, states that judgment is rendered “against The City of New Orleans and the Sewerage and Water Board of New Orleans in solido in the amount of $27,773.33 together with interest and court costs”. Thus, the S & WB and the City were adjudged solidarily liable for the entire amount of the judgment. The S & WB and the City appealed and this Court affirmed the judgment in an unpublished opinion dated September 22, 1999. The Louisiana Supreme Court denied writs on February 11, 2000. Thus, the judgment became final.
The S & WB has paid half of the judgment. The order that the S & WB presently appeals from requires the S & WB to pay the rest of the judgment. The S & WB argues that, under Civil Code Article 2324(B) as that Article read as of the December 4, 1992 date of the plaintiffs accident, the S & WB would not be liable for more than 50% of the judgment.
I believe that we cannot grant the S & WB any relief. The September 15, 1998 judgment clearly adjudicates the S & WB solidarily liable for the entire judgment and that judgment became final. As that judgment has become final, it [ ¡.cannot be amended to limit the solidary liability of the S & WB to 50% of the judgment. See La.Code Civ. Proc. Art. 1951.
Accordingly, I would affirm the judgment of the trial court.